# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Sandy Miller and Jennifer Rowley,

    Plaintiffs,

v.

All Star, Inc. and Larry Simmons,

    Defendants.

CIVIL ACTION NO.
1:09-cv-03551-JOF

## **OPINION & ORDER**

This matter is before the court on Plaintiffs' motion to remand [14]; the Report and Recommendation of Magistrate Judge Alan J. Baverman [23]; Defendants' objections thereto [25]; and Defendants' motion to amend notice of removal [24].

On November 17, 2009, Plaintiffs Sandy Miller and Jennifer Rowley filed suit against Defendants All Star, Inc. and Larry Simmons in the Superior Court of Rockdale County. In their complaint, Plaintiffs allege sexual harassment, sexual assault, battery, negligent retention and supervision, and ratification of tortious behavior. On December 17, 2009, Defendants filed an answer in Rockdale County Superior Court and a Notice of Removal. Plaintiffs then filed a motion to remand. On February 10, 2010, Magistrate Judge Alan J. Baverman issued a Report and Recommendation recommending that the court

remand the case to the Superior Court of Rockdale County. Two days later, Defendants filed the instant motion to amend notice of removal, and shortly thereafter, Defendants also filed objections to the Report and Recommendation.

In their motion to remand, Plaintiffs argue (1) because Title VII applies only to employers with 15 or more employees and because Defendants deny having the requisite number of employees, no federal question jurisdiction exists; (2) Defendants failed to comply with 28 U.S.C. § 1446(a) by not attaching the summons and process forms to their notice of removal; and (3) Defendants waived their right to removal because they filed an answer in the Superior Court of Rockdale County.

In his Report and Recommendation, Magistrate Judge Alan J. Baverman rejects Plaintiffs' jurisdictional argument finding that the threshold number of employees for a Title VII claim is an element of Plaintiff's case and not a jurisdictional issue. *See* Report and Recommendation, at 4 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). Magistrate Judge Baverman also rejected Plaintiffs' argument that Defendants waived their right to removal by filing an answer in state court. *Id.* at 5-8 (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (holding that mere fact of pleading is not bar to subsequent removal, rather defendant must take substantive offensive or defensive actions in state court to waive right to removal)). *See also Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004) (filing responsive pleading alone does not

2

establish waiver of removal right); *Roper v. Saxon Mortg. Svcs., Inc.*, Civil Action No. 1:09-CV-312-RWS, 2009 WL 1259193 (N.D. Ga. May 5, 2009). Plaintiffs did not file objections to either of these determinations and the court adopts them as the order of this court.

Magistrate Judge Baverman, however, did find merit in Plaintiffs' final argument. Plaintiffs contend that Defendants failed to comply with 28 U.S.C. § 1446(a) when they did not attach the summons and process forms to their notice of removal. Defendants admit that they failed to attach the summons and process forms, but argue that the statute does not require those to be contained in the notice of removal.

Magistrate Judge Baverman first noted that the statute does plainly require that "process" be contained in the notice of removal. *See* Report and Recommendation, at 8. He then found that any defect in the removal procedure is grounds for remand under 28 U.S.C. § 1447(c). *Id.* at 10 (citing *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044, 1049 (11th Cir. 2001)). Further, a party seeking removal must strictly comply with the removal statute and the burden is on defendant to show that removal was proper. *Id.* at 10-11.

The Magistrate Judge then cited *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290 (N.D. Ala. 2007) (Acker, J.) for the proposition a failure to provide copies of the summons in the notice of removal which remains uncorrected until after the thirty day removal period has expired violates 28 U.S.C. § 1446(a) and requires remand. *Id.* at 1300.

3

Although he noted that contrary precedent existed, *see* Report and Recommendation at 12, the Magistrate Judge found the reasoning of *Andalusia Enterprises* persuasive due to the mandatory language in the removal statute. *See* Report and Recommendation, at 13 (citing *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1282 (11th Cir. 2006) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] all doubts about jurisdiction should be resolved in favor of remand to state court.")). Based on these rulings, the Magistrate Judge recommended granting Plaintiffs' motion to remand and directed the Clerk of the Court to terminate the reference.

Significantly, however, the Magistrate Judge did kindly point out to counsel for Defendants that the Eleventh Circuit has held that "a defendant's failure to attach copies of all state court process and pleadings constitutes a procedural defect that can be cured by leave to amend after the thirty day period has expired." *See* Report and Recommendation, at 13-14 & n.4 (citing *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (failure to file papers required by removal statute can be remedied); *Woodall v. Ins. Co. of N. Am.*, 582 F. Supp. 247, 248 (N.D. Ga. 1984) (O'Kelley, J.) (removing party can amend petition beyond 30 day period to attach missing copies of state court documents); *Covington v. Indemnity Ins. Co.*, 251 F.2d 930 (5th Cir. 1958) (noting that time period for filing removal is not jurisdictional, court held that omitted documents could

4

be supplied after time for removal had expired); 28 U.S.C. § 1447(b); *cf. Corporate Management Advisors, Inc. v. Artjen Comlexus, Inc.*, 561 F.3d 1294, 1296, 1297 (11th Cir. 2009) (error to *sua sponte* remand action due to procedurally defective notice of removal where motion for leave to amend notice was filed)). Responding to this direct prompt, two days later, Defendants filed a motion to amend their notice of removal to add the summons and process documents.

Plaintiffs filed no objections to the Report and Recommendation of the Magistrate Judge and also filed no response to Defendants' motion to amend notice of removal. The court notes that there is a split of authority in federal courts as to whether "procedural" defects in removal papers can be cured after the 30 day period when a plaintiff has filed a motion to remand that objects to the defects. The court in *Yellow Transportation, Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213 (D. Kan. 2005), conducted a thorough and informative review of the history of the removal statute and the rulings of the various courts that have considered the question before concluding that a "removing party's failure to file the required state court papers is curable in the federal courts [even] if there is a motion to remand." *Id.* at 1215 (quoting 14C Charles Alan Wright et al., Federal Practice & Procedure § 3733, at 350-51 (3d ed. 1998)).

The primary support for this position is cited as *Covington v. Indemnity Ins. Co.*, 251 F.2d 930 (5th Cir. 1958), which, of course, is binding precedent on this court. It appears to

5

this court that *Covington* settles the matter as the plaintiff there had filed an unsuccessful motion to remand and then challenged on appeal both the procedural and jurisdictional aspects of the removal petition. *Id.* at 932-33. *Yellow Transportation* recognized that *Covington* was decided under the pre-1988 version of § 1447(c), but concluded that the rationale of all cases considering this point has been that courts have always permitted the amendment of removal notices concerning papers contained in the state court record. *Id.* at 1216-18. Other procedural defects might warrant remand, but this one never has. *But see Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004) (Acker, J.) (holding that defendant could amend the notice of removal to correct procedural defects after thirty day removal period had expired *only* if plaintiff had not previously complained of defect because § 1447(c) states that procedural defect is waived if not made subject to motion to remand within thirty days after removal notice).

The court finds the reasoning of *Yellow Transportation* persuasive. Moreover, Plaintiff here did not respond to Defendants' motion to amend removal notice and did not file objections to the Report and Recommendation of the Magistrate Judge. For the reasons stated above, the court ADOPTS AS MODIFIED the Report and Recommendation of the Magistrate Judge as the ORDER of the court. The court DENIES Plaintiffs' motion to remand [14] and GRANTS Defendants' motion to amend notice of removal [24].

6

The Clerk of the Court is DIRECTED to REFER this case back to the Magistrate Judge in accordance with this court's Internal Operating Procedures concerning Title VII litigation.

**IT IS SO ORDERED** this 30th day of March 2010.

                                           /s  J. Owen Forrester
                                             J. OWEN FORRESTER
                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)